**IRWIN et al. v. WINTON.** **(8 Div. 130.)**

(Court of Appeals of Alabama. Nov. 13, 1923.
Rehearing Denied Dec. 4, 1923.)

Garnishment ⬥241—County court authorized to enter judgment against sureties on dissolution bond on "final hearing" on certiorari from justice of the peace.

Under Code 1907, § 4313, permitting defendant to file a dissolution bond discharging all garnishees, where a bond provided for liability of sureties on defendant's failure to pay the judgment upon final hearing, the "final hearing" means the last hearing in that particular cause, and authorized the county court, after removal on certiorari from justice court, to render judgment.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Final Hearing on Trial.]

Appeal from Morgan County Court; W. T. Lowe, Judge.

Action by S. M. Winton against Walter Johnson, with garnishment in aid of suit. From a judgment against W. A. Irwin and James Abernathy, as sureties on dissolution bond, they appeal. Affirmed.

Tennis Tidwell, of Albany, for appellants.

The taking of appeal by defendant from the judgment rendered by the justice of the peace annulled that judgment, and relieved the appellants of all liability under the bond executed in the justice court. 28 C. J. 537; 9 C. J. 33.

Wert & Hutson, of Decatur, for appellee.

The sureties are liable under their bond, and judgment was properly rendered against them. Jaffe v. Fid. & Dep. Co., 7 Ala. App. 206, 60 South. 966; Koplin Iron Co. v. Jaffe, 202 Ala. 246, 80 South. 84; Merrimac Mfg. Co. v. Hearn, 16 Ala. App. 507, 79 South. 268.

BRICKEN, P. J. On the 28th day of October, 1921, S. M. Winton filed suit against Walter C. Johnson in the justice court of J. A. Thornhill, and had a writ of garnishment in aid of said suit issued to the Louisville & Nashville Railroad Company. The following day the defendant in said suit appeared and filed a dissolution bond as authorized by section 4313 of the Code. The appellants W. A. Irwin and James Abernathy were sureties on this dissolution bond.

The case of Winton v. Johnson was tried in the justice court, and resulted in a judgment against Johnson and the sureties on the dissolution bond. Whereupon Johnson removed the case by statutory certiorari to the Morgan county court, where trial was had, resulting in a verdict against Johnson. On this verdict judgment was entered against Johnson and the sureties on his bond, and to quote the language of the judgment entry:

"It further appearing to the court that the garnishment heretofore issued to the Louisville & Nashville Railroad Company in this case, and that heretofore on to wit, the defendant together with W. A. Irwin and James Abernathy filed in the court of J. A. Thornhill, a justice of the peace, a dissolution bond, dissolving said garnishment, which said bond was approved on the 29th of October, 1921, and notice of dissolution issued to the said garnishee, and which bond has been duly filed in this court and made a part of the record in this cause.

"It is further ordered and adjudged by the court that the plaintiff have and recover of W. A. Irwin and James Abernathy, sureties on said dissolution bond, the said sum of $69.21 together with all the costs in this behalf expended, for all of which let execution issue."

An appeal was taken to this court, and appellants assign as error the rendition of said judgment against them. The authority of the Morgan county court to render judgment against the sureties on the dissolution bond

---

⬥For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

filed in the justice court is the sole question presented by the appeal in this cause.

The dissolution bond was in words and figures as follows:

"State of Alabama, Morgan County.

"Know all men by these presents that we, Walter C. Johnson and W. A. Irwin and James Abernathy, are held and firmly bound unto S. M. Winton in the penal sum of $104.04, for the payment of which well and truly to be made we and each of us bind ourselves, our heirs, administrators, jointly and severally, and as to this obligation we and each of us waive all rights of exemption to personal property.

"The condition of the above obligation is such that whereas on the 28th day of October, 1921, one S. M. Winton brought suit in the justice court of Hon. J. A. Thornhill for the sum of $52.02, and in aid thereof he caused to be issued a garnishment to the L. & N. Railroad Company, employer of the above-bound Walter C. Johnson, and as said garnishment has been released and discharged upon the said Walter C. Johnson entering into bond:

"Now, therefore, if the said Walter C. Johnson shall pay the judgment and all costs and damages as may be rendered upon final hearing of the cause, then this obligation is to be void; otherwise. to remain in full force and effect. This the 29th day of October, 1921.

"Walter C. Johnson.
"W. A. Irwin.
"James Abernathy.

"Taken and approved this the 29th day of October, 1921.      J. A. Thornhill, J. P."

The statute authorizing this bond specially provides that—

"The giving of the bond herein authorized operates to discharge all garnishees in the cause, whether one or more." Code 1907, § 4313.

It is obvious that it was intended that the bond should stand in the place of the money or property in the hands of the garnishee. Had the bond not been given, there could be no question about the authority of the court on appeal to render judgment against the garnishee, had its answer disclosed any indebtedness to the defendant that could be reached by garnishment. We can see no good reason why the same rule should not apply on the bond, which is merely a substitute for the money or property in the hands of the garnishee.

It is contended, on behalf of the appellants, that the condition of the bond is that if the defendant Johnson "shall pay the judgment and all costs and damages that may be rendered on the final hearing of the cause then this obligation to be void," etc., and that the trial had in the justice court was the final hearing so far as the dissolution bond is concerned.

The opinion here prevails that the words "final hearing" referred to the last hearing in that particular cause and that the sureties on the bond were bound to pay such judgment as may be rendered on such hearing if the principal fails to do so.

The judgment appealed from is affirmed.

Affirmed.